1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

BRYAN A. SCHNEIDER,

11                    Petitioner,

CASE NO. 3:19-cv-05812-BHS-JRC

REPORT AND RECOMMENDATION

12            v.

NOTED FOR:  March 6, 2020

13    RON HAYNES,

14                    Respondent.

15
16        The District Court has referred this action to United States Magistrate Judge J. Richard

17    Creatura. Petitioner Bryan A. Schneider filed his federal habeas petition ("petition"), pursuant to

18    28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 3.

19    The Court concludes that petitioner failed to properly exhaust his state court remedies as to all

20    grounds raised in the petition. Because petitioner's time for pursuing state remedies has expired,

21    petitioner has procedurally defaulted on all his claims. Therefore, the Court recommends that the

22    petition be dismissed with prejudice.

23
24

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his convictions by guilty plea of two counts of child molestation in the second degree and one count of child molestation in the third degree. Dkt. 8, Exhibit 1. Petitioner was sentenced on December 13, 2018 to 116 months of confinement. *Id.* Petitioner did not appeal his convictions or sentence or file any petitions for collateral relief, and his convictions became final on December 13, 2018. *See* Dkts. 8, 10; RCW 10.73.090(3)(b). The time to file a petition or motion for post-conviction relief expired on December 13, 2019, one year after petitioner's convictions became final. *See* RCW 10.73.090(1),(3)(b).

On August 30, 2019, petitioner filed this petition pursuant to § 2254. Dkts. 1, 3. Petitioner raises four grounds for relief all based on his claim that the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 3. On November 12, 2019, respondent filed the original answer, wherein he asserts that petitioner has not properly exhausted his available state court remedies. Dkt. 7. Respondent argued that the petition should be dismissed without prejudice as unexhausted, or in the alternative, that the petition be dismissed with prejudice on the merits. Dkt. 7.  On January 2, 2020, the Court ordered respondent to file a supplemental brief as to whether petitioner's claims were procedurally defaulted. Dkt. 9. On January 6, 2020, petitioner filed the supplemental answer, arguing that petitioner's claims are now procedurally defaulted and that the petition should be dismissed with prejudice. Dkt. 10. Petitioner did not file a traverse.

**DISCUSSION**

Respondent maintains that petitioner failed to exhaust the grounds raised in the petition and is procedurally barred from federal review. Dkt. 10.

1         1.  *Exhaustion of State Remedies*

2         "[A] state prisoner must normally exhaust available state judicial remedies before a

3    federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

4    (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

5    afforded] a meaningful opportunity to consider allegations of legal error without interference

6    from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

7    give the state courts one full opportunity to resolve any constitutional issues by invoking one

8    complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S.

9    838, 845 (1999).

10        A federal habeas petitioner must provide the state courts with a fair opportunity to correct

11   alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Middleton v.*

12   *Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state

13   supreme court even though the state court did not reach the argument on the merits). Petitioner

14   bears the burden of proving he has exhausted available state remedies and retains the burden to

15   prove all facts relevant to the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 520

16   (1982); 28 U.S.C. § 2254(b)(1)(A).

17        In the petition, petitioner raises four grounds for relief asserting that he is unlawfully

18   detained, and that the State of Washington does not have jurisdictional authority to decide

19   federal matters. Dkt. 3. Petitioner did not file a direct appeal and has not sought post-conviction

20   collateral relief in state court. Dkts. 8, 10.

21        As petitioner did not raise any of the four grounds in the instant petition on direct appeal

22   or collateral review, he did not give the state court a full and fair opportunity to determine if a

23   federal constitutional violation occurred. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To

24

provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim."); *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992) (finding claims were unexhausted when they were not raised on every level of direct review).

Petitioner appears to argue that his claims are exempt from the exhaustion requirement, stating that the state does not have jurisdiction over federal constitutional matters. *See* Dkt. 3. The Court may consider an unexhausted federal habeas petition if it appears "there is an absence of available State corrective process . . . or circumstances exist which render such process ineffective to protect the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, petitioner has not shown that there is an absence of available state corrective processes or circumstances exist rendering any state process ineffective. Rather, petitioner appears to disagree with the exhaustion requirement and the state court's jurisdictional authority. Accordingly, the Court finds that petitioner has not shown that there are no state court remedies available to him.  Therefore, the Court concludes that all four grounds raised in the petition were not properly exhausted.

2.   *Procedural Default*

Procedural default is distinct from exhaustion in the habeas context. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). The procedural default rule bars consideration of a federal claim when it is clear the state court has been presented with the federal claim but declined to reach the issue for procedural reasons or it is clear the state court would hold the claim procedurally barred. *Id.* at 1230-31 (citations omitted). If a state procedural rule would now preclude the petitioner from raising his claim at the state level, the claim is considered

1  "procedurally defaulted" and the federal courts are barred from reviewing the petition on the

2  merits. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *O'Sullivan*, 526 U.S. at 845.

3      All four grounds raised in the petition are procedurally defaulted because if petitioner

4  attempted to collaterally challenge these claims in subsequent collateral attack, the state court

5  would find the claims barred by Washington State law. Washington State imposes a one-year

6  statute of limitations on filing a post-conviction collateral attack. RCW § 10.73.090.

7      " '[C]ollateral attack' means any form of postconviction relief other than a direct appeal.

8  'Collateral attack' includes, but is not limited to, a personal restraint petition, a habeas corpus

9  petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for a new trial,

10  and a motion to arrest judgment." RCW 10.73.090(2). Here, petitioner's convictions became

11  final on December 13, 2018, the date the direct appeal mandate was issued. Dkt. 8, Exhibit 1;

12  RCW 10.73.090(3)(b). Thus, the time to file a petition or motion for post-conviction relief

13  expired on December 13, 2019, one year after petitioner's convictions became final. *See* RCW

14  10.73.090(1), (3)(b). As the one-year statute of limitations has passed, petitioner is barred from

15  filing a subsequent collateral attack in state court. *See id.* at (1).

16      Petitioner would be precluded from asserting all four grounds raised in the petition in

17  state court, and thus, these claims are procedurally defaulted in federal court. *See Coleman*, 501

18  U.S. at 731-32, 735 n.1; *Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v.*

19  *Penarosa*, 33 F.Supp.2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his

20  federal claim to the highest state court available and is now barred from doing so by a state

21  procedural rule, exhaustion is satisfied because no state remedy remains available, but the

22  petitioner has procedurally defaulted on his claim.").

23

24

1    However, procedural default will be excused and a petitioner will be entitled to federal

2  habeas corpus review if he "can demonstrate cause for the default and actual prejudice as a result

3  of the alleged violation of federal law, or demonstrate that failure to consider the claims will

4  result in a fundamental miscarriage of justice[.]" *See Boyd v. Thompson*, 147 F.3d 1124, 1126

5  (9th Cir. 1998) (citing *Coleman*, 501 U.S. at 750). To establish "cause," a petitioner must show

6  some objective factor external to the defense prevented him from complying with the state's

7  procedural rule. *Coleman*, 501 U.S. at 753 (citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

8  To show "prejudice," a petitioner "must shoulder the burden of showing, not merely that the

9  errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and

10  substantial disadvantage, infecting his entire trial with error of constitutional dimensions."

11  *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

12    Only in an "extraordinary case" may the habeas court grant the writ without a showing of

13  cause and prejudice to correct a "fundamental miscarriage of justice" where a constitutional

14  violation has resulted in the conviction of a defendant who is actually innocent. *Murray,* 477

15  U.S. at 495–96. To demonstrate he suffered a fundamental miscarriage of justice, viewing all the

16  evidence in light of new reliable evidence, the petitioner must show "it is more likely than not

17  that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v.*

18  *Bell*, 547 U.S. 518, 537 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

19    Here, petitioner has not alleged any facts that establish cause or prejudice. Nor does

20  petitioner present any new evidence demonstrating that it is more likely than not that no

21  reasonable juror would have convicted him in light of any new evidence. Petitioner simply did

22  not raise the claims in his petition at all levels of the state court.  Accordingly, petitioner has

23  made no showing of cause or prejudice or a fundamental miscarriage of justice.  Because

24

1  petitioner cannot excuse his procedural default, all four grounds raised in the petition are not

2  cognizable in a habeas corpus proceeding and should therefore be dismissed with prejudice.

3  Based on the foregoing, the Court declines to address respondent's alternative argument that the

4  petition should be dismissed with prejudice for lack of merit. *See* Dkt. 7.

5                                    **EVIDENTIARY HEARING**

6          The decision to hold an evidentiary hearing is committed to the Court's discretion.

7  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a

8  hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

9  entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is

10  available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the

11  state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not

12  entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

13  record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district

14  court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to

15  hold an evidentiary hearing in this case because, as discussed in this report and recommendation,

16  petitioner's grounds may be resolved on the existing state court record.

17                               **CERTIFICATE OF APPEALABILITY**

18          A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

19  court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

20  (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability

21  may issue . . . only if the [petitioner] has made a substantial showing of the denial of a

22  constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

23  that jurists of reason could disagree with the district court's resolution of his constitutional

24

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude that the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## CONCLUSION

For the above stated reasons, the Court concludes that all grounds raised in the petition are unexhausted and procedurally defaulted. The Court also finds that an evidentiary hearing is not necessary. Therefore, the Court recommends that the petition be dismissed with prejudice and a certificate of appealability not be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February X, 2010 as noted in the caption.

Dated this 11th day of February, 2020.

J. Richard Creatura
United States Magistrate Judge